**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>P.O. Box 710<br>Tucson, AZ 85702-0710<br><br>      Plaintiff,<br><br>   v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY,<br>1200 Pennsylvania Avenue, NW<br>Washington, DC 20460<br><br>      Defendant. | Civil Action No.: 19-cv-01317<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**(Freedom of Information Act,<br>5 U.S.C. § 552)** |

## INTRODUCTION

1.      In this action, Plaintiff Center for Biological Diversity ("Center") challenges the failure and refusal of Defendant U.S. Environmental Protection Agency ("EPA") to provide records to the Center in response to its request for records submitted on January 30, 2019 for which there are no applicable exemptions, in violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended.

2.      The Center's FOIA request seeks records connected with EPA's implementation of the December 29, 2017 Biological Opinion ("BiOp") related to the Registration of Pesticides containing chlorpyrifos, diazinon, and malathion. The Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544, requires EPA to implement the terms and conditions of the BiOp for the conservation of imperiled species protected by the ESA.

COMPLAINT

1

3.      The Center seeks declaratory relief establishing that EPA has violated FOIA. The Center also seeks injunctive relief ordering EPA to provide the Center with all responsive records without further delay.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

5.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6.      Declaratory relief is appropriate under 28 U.S.C. § 2201.

7.      Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

## PARTIES

8.      Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States that works to protect native wildlife species and their habitats, including from exposure to toxic chemicals. The Center has more than 69,500 members. The Center and its members are harmed by Defendant's violations of FOIA because such violations preclude the Center from gaining a full understanding of the harmful environmental and human health effects of pesticides containing chlorpyrifos, diazinon, and malathion, as well as an understanding of the regulatory approach to decisions to register pesticides in light of federal agency duties under the ESA. Defendant's failure to comply with FOIA harms the Center's ability to provide full, accurate, and current information to the public

on a matter of public interest. Absent this information, the Center cannot advance its mission to protect native species and their habitat.

9. Defendant U.S. ENVIRONMENTAL PROTECTION AGENCY is an independent agency of the U.S. government. EPA is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request to it.

## STATUTORY BACKGROUND

10. FOIA requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions applies. 5 U.S.C. § 552.

11. FOIA places the burden on the agency to show that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

12. Within 20 working days of receiving a request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefor, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id.* § 552(a)(6)(A)(i).

13. In "unusual circumstances," an agency may extend the time to make a determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i). If the agency provides written notice that the request cannot be processed with the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request," and shall make available its FOIA Public Liaison

to "assist in the resolution of any disputes between the requester and the agency." *Id.* § 552(a)(6)(B)(ii).

14. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D).

15. FOIA requires federal agencies to promptly disclose requested records. *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

16. In certain limited instances, records may be withheld pursuant to nine specific exemptions. *Id.* § 552(b)(1)-(9). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

17. FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

## STATEMENT OF FACTS

### Request to EPA (EPA-HQ-2019-003068)

18. On January 30, 2019, the Center submitted to EPA a FOIA request seeking the following records, from January 1, 2018 to the date of EPA's search, related to the BiOp on EPA's Registration of Pesticides containing chlorpyrifos, diazinon, and malathion:

1. The records, including but not limited to communications with the National Marine Fisheries Service ("NMFS"), mentioning EPA's development and implementation of an "effectiveness monitoring plan" in close coordination with NMFS Office of Protected Resources to ensure the elements of the chlorpyrifos Reasonable and Prudent Measures are feasible, effective, and implemented as described in the BiOp Chapter 26;

2. The records, including but not limited to communications with NMFS, mentioning EPA EPA's development and implementation of an "effectiveness monitoring plan" in close coordination with NMFS Office of Protected Resources to ensure the elements of the

    diazinon Reasonable and Prudent Measures are feasible, effective, and implemented as described in the BiOp Chapter 26;

3. The records, including but not limited to communications with NMFS, mentioning EPA's development and implementation of an "effectiveness monitoring plan" in close coordination with NMFS Office of Protected Resources to ensure the elements of the malathion Reasonable and Prudent Measures are feasible, effective, and implemented as described in the BiOp Chapter 26;

4. The records, including but not limited to communications with NMFS, mentioning EPA's development and implementation of an "effectiveness monitoring plan" for aquatic habitats as described in the BiOp Chapter 26;

5. The reports summarizing annual monitoring data, including but not limited to all raw data required to be submitted to NMFS Office of Protected Resources, including but not limited to reports summarizing annual monitoring data and/or providing raw data as described in the BiOp Chapter 26;

6. The records of incidents where listed species appear injured or killed as a result of pesticide applications that are to be reported to NMFS's Office of Protected Resources ("OPR") at the phone number (301) 713-1401 and EPA's Office of Pesticide Programs as required by the BiOp Chapter 26;

7. The records of any incidences regarding chlorpyrifos, diazinon, and malathion effects on aquatic ecosystems added to its incident database that it has classified as probable or highly probable as required by the BiOp Chapter 26; and

8. The records, including but not limited to communications with NMFS, mentioning EPA providing OPR a commencement date for annual reporting of monitoring results as required by the BiOp Chapter 26.

    19.    On January 30, 2019, EPA sent an automatic acknowledgement of the receipt of the Center's FOIA request and assigned it EPA FOIA Tracking No. EPA-HQ-2019-003068.

    20.    On February 5, 2019, EPA granted the Center's request for a fee waiver.

    21.    On February 27, 2019, EPA provided a response and informed the Center of the following:

    An electronic console search will be conducted by the Agency's IT Staff for the responsive emails and records. We assume, as The Center has agreed to in the recent past, we will have our subject matter experts (SMEs) to identify the staff that would likely have records. We will update The Center in the next 2-3 weeks on the initial estimate of

COMPLAINT

emails and records collected by the electronic console search. We anticipate releasing records on a rolling basis. We will keep you informed of our progress.

22. EPA has not provided the Center with any records responsive to its January 30, 2019 FOIA request (EPA-HQ-2019-003068).

23. EPA has not requested additional information from the Center or notified the Center of any unusual circumstances that prevent it from complying with FOIA's deadline for determination. *See* 5 U.S.C. § 552(a)(6)(A)-(B).

24. EPA has no lawful basis under FOIA for its delay and has provided no lawful basis to withhold or redact the records the Center requested in its January 30, 2019 FOIA request.

25. The Center has exhausted its administrative remedies with respect to claims related to this FOIA request. *Id*. § 552(a)(6)(C)(i).

26. The Center has been required to expend resources to prosecute this action.

## **CLAIMS FOR RELIEF**

## **FIRST CLAIM FOR RELIEF**

**EPA's Missed Mandatory Determination Deadline for the Center's FOIA Request**

27. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

28. The Center properly requested records within the control of EPA through its January 30, 2019 FOIA request to the agency (EPA-HQ-2019-003068).

29. The Center has a statutory right to a lawful final determination from EPA on its FOIA Request, number EPA-HQ-2019-003068, in a manner that complies with FOIA.  5 U.S.C.

§ 552(a)(3). EPA has violated the Center's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates. *Id*. § 552(a)(6)(A)(i).

30. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to EPA in the foreseeable future.

31. The Center's organizational activities will be adversely affected if EPA is allowed to continue violating FOIA's disclosure provisions.

32. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

33. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. *Id*. § 552(a)(4)(E).

## SECOND CLAIM FOR RELIEF

### EPA Failed to Conduct an Adequate Search for Records Responsive to the Center's FOIA Request

34. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

35. The Center has a statutory right to have EPA process its FOIA request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3). EPA violated the Center's rights in this regard when it unlawfully failed to conduct an adequate search that was reasonably calculated to locate all records that are responsive to the Center's FOIA request.

36. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to EPA in the foreseeable future.

37. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

COMPLAINT

38.     The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. *Id*. § 552(a)(4)(E).

### THIRD CLAIM FOR RELIEF

### EPA Failed to Disclose All Records That Are Responsive to the Center's FOIA Request

39.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

40.     The Center has a statutory right to the records it requested, and EPA has provided no lawful basis to withhold records pursuant to any of FOIA's nine exemptions to mandatory disclosure or to withhold any segregable, nonexempt portion of the records. *See* 5 U.S.C. § 552(a)(3)(A), (a)(8), (b). EPA has violated the Center's rights in this regard by withholding records that are responsive to the Center's FOIA request.

41.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to EPA in the foreseeable future.

42.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, EPA will continue to violate the Center's rights to receive public records under FOIA.

43.     The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. *Id*. § 552(a)(4)(E)

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)     Declare that Defendant violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's January 30, 2019 FOIA request;

(2)     Order Defendant to search for all responsive records to Plaintiff's January 30, 2019 FOIA request using search methods reasonably likely to lead to discovery of all responsive records;

(3)     Order Defendant to produce, by a date certain, all nonexempt responsive records or segregable portion of the records, and a *Vaughn* index of any responsive records or portion of responsive records withheld under a claim of exemption, at no cost to Plaintiff;

(4)     Enjoin Defendant from continuing to withhold nonexempt responsive records or segregable portion of the records responsive to Plaintiff's FOIA request;

(5)     Retain jurisdiction of this action to ensure the processing of Plaintiff's FOIA request and that no agency records or portion of the records are improperly withheld;

(6)     Award Plaintiff its costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

(7)     Grant any such further relief as the Court may deem just and proper.

Dated this 7th day of May, 2019.

Respectfully submitted,

/s/ *Hannah M.M. Connor*
Hannah M.M. Connor (D.C. Bar No. 1014143)
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, FL 33731
(202) 681-1676
hconnor@biologicaldiversity.org

Jonathan Evans (CA Bar No. 247376), *Pro hac vice* pending
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
(510) 844-7118
jevans@biologicaldiversity.org
*Attorneys for Plaintiff Center for Biological Diversity*